991 F.2d 806
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Danny Lee GREEN, Defendant-Appellant.
 No. 92-6297.
 United States Court of Appeals, Tenth Circuit.
 April 15, 1993.
 
 Before SEYMOUR, ANDERSON and EBEL, Circuit Judges.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 The appellant, Danny Lee Green, appeals from the August 5, 1992, order of the district court denying his 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence. We affirm.
 
 
 2
 On August 14, 1989, Green plead guilty to multiple violations of federal narcotics laws. Although he attempted to withdraw his guilty plea on August 17, 1989, the district court, after conducting a hearing, denied the request. Green was sentenced to one term of 20 years and seven terms of 30 years, to be served concurrently, in addition to terms of supervised release and a special assessment.
 
 
 3
 On December 11, 1989, Green filed a notice of appeal of his conviction. Tenth Cir. 89-6420. He later attempted to dismiss the appeal of his conviction, and to institute a separate appeal challenging his sentence. Tenth Cir. 91-6067. On February 21, 1991, this court denied his motion to dismiss the appeal of the conviction and ordered counsel to submit supplemental briefs on the sentencing issues.[1] On May 9, 1991 we issued an order that dismissed as untimely Green's second appeal, which challenged his sentence (Tenth Cir. 91-6067). However, in our order in Appeal No. 89-6420, we addressed the merits of the sentencing issues. United States v. Danny Lee Green, Tenth Cir. 89-6420 & 91-6067. We determined that Green's claims were without merit.
 
 
 4
 On July 30, 1991, Green filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. On the same day, the case was assigned to a magistrate judge pursuant to 28 U.S.C. § 636. The government responded to the motions with briefs filed on August 26, 1991, and May 27, 1992. On June 26, 1992, the magistrate filed a Report and Recommendation finding that two of Green's claims had been decided in the direct appeal and that the third was without merit. No objections were filed to the Report and Recommendation. Accordingly, the district court adopted the magistrate's report and recommendation in full. This appeal followed.
 
 
 5
 The Tenth Circuit has adopted a rule which provides that, when a party fails to object to the findings and recommendations of the magistrate judge, appellate review of both factual and legal questions is waived. Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991); Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164-65 (10th Cir.1986). However, we have also made it very clear that a pro se petitioner does not waive his right to object to the magistrate's report unless the consequences of a failure to object are made clear on the face of the report. Hardiman v. Reynolds, 971 F.2d 500, 505 (10th Cir.1992); Moore, 950 F.2d at 659.
 
 
 6
 In the instant case, the magistrate's report sets forth time limitations for objections and makes the consequences of a failure to object clear. It states:
 
 RECOMMENDATION
 
 7
 In accordance with the foregoing, the court recommends that the Motion to Vacate, Set Aside or Correct Sentence be denied. Any party may file an objection to this Report and Recommendation on or before the 13 day of July, 1992. Failure to make timely objection to this Report and Recommendation waives the right to appeal from a judgment of the District Court based on these findings and recommendations.
 
 
 8
 Magistrate's Report and Recommendation of June 26, 1992. R.Vol. I at tab 551. We find that the appellant received proper notice of the procedures and deadlines for filing as well as the consequences associated with not filing, objections to the magistrate's report and recommendations. See Moore, 950 F.2d at 659.
 
 
 9
 Despite being notified of the consequences of inaction, the appellant failed to file objections to the magistrate's report prior to the issuance of the district court's opinion on August 5, 1992. Accordingly, the objections raised in this appeal have been waived.[2] The order of the district court is AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 It appears that defense counsel never filed a supplemental brief on the sentencing issues. However, Green filed two pro se briefs on those issues, one on March 14, 1991, and the other on April 26, 1991
 
 
 [2]
 The waiver rule as a procedural bar need not be applied where "the interests of justice so dictate." Moore, 950 F.2d at 659 ( citing Thomas v. Arn, 474 U.S. 140, 155 (1985)). However, we find, on the facts of this case, that the interests of justice exception does not compel us to overlook the waiver rule