996 F.2d 311
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bruce Donnell THOMPSON, Petitioner-Appellant
v.
Ron CHAMPION; Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 93-6035.
 United States Court of Appeals, Tenth Circuit.
 May 19, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner Bruce Donnell Thompson appeals the district court's dismissal without prejudice of his petition for writ of habeas corpus. 28 U.S.C. § 2254. We reverse and remand for further findings.
 
 
 2
 Petitioner pleaded guilty in Oklahoma state court to numerous charges ranging from rape to unauthorized use of an automobile and was sentenced to a total of seventy-five years imprisonment. See State v. Thompson, Nos. 89-2771, 89-2772, 89-2796, 89-2883 (Okla.County Dist.Ct. Nov. 2, 1989). Petitioner did not move to withdraw his guilty plea and did not appeal his sentence. Petitioner did, however, apply for state post-conviction relief, see Okla.Stat.Ann. tit. 22, §§ 1080-1088 (West 1986) (Oklahoma Post-Conviction Procedure Act), claiming that he received constitutionally ineffective assistance of counsel.[1] The state district court denied Petitioner's application, and the Oklahoma Court of Criminal Appeals affirmed, stating that Petitioner "failed to show entitlement to relief in a post-conviction proceeding in that he has not raised any issues that could not have been raised in an appeal" and that he had "not provided sufficient reasons for his failure to seek to withdraw his guilty pleas and to appeal his conviction."[2] See Thompson v. State, No. PC-92-333 (Okla.Ct.Crim.App. July 23, 1992) (Order Affirming Denial of Post-Conviction Relief).
 
 
 3
 Petitioner then brought the instant petition raising the identical claims of ineffective assistance of counsel. See supra notes 1 and 2. The district court referred the petition to the magistrate judge. See 28 U.S.C. § 636(B)(1)(B). Respondents moved to dismiss the petition as procedurally barred claiming that Petitioner had procedurally defaulted on his claims in state court by not raising his claims of ineffective assistance of counsel on direct appeal. The magistrate judge found that Petitioner had procedurally defaulted on his claims in state court and that Petitioner's claims were refuted by the record.[3] The magistrate judge recommended that the petition be dismissed without prejudice,[4] and that Petitioner be denied a certificate of probable cause and leave to proceed in forma pauperis on appeal. The district court, having been presented with no objections,[5] dismissed the petition without prejudice and denied Petitioner leave to proceed in forma pauperis on appeal.
 
 
 4
 The procedural default rule is derived from the "adequate and independent state ground" doctrine. Harris v. Reed, 489 U.S. 255, 260 (1989); Wainwright v. Sykes, 433 U.S. 72, 81-82 (1977). Federal courts will not review the lawfulness of a person's custody by way of a petition for a writ of habeas corpus when that custody is pursuant to a judgment which rests on independent and adequate state grounds. Coleman v. Thompson, 111 S.Ct. 2546, 2554 (1991). Failure to comply with a state procedural requirement may constitute an independent and adequate state ground "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." Id. (citations omitted). To determine whether a petitioner's failure to comply with a state procedural rule constitutes an adequate and independent state ground which may bar federal habeas review, the federal court must look to the last reasoned decision of the state court which considered the federal habeas petitioner's claims. Id. at 2557; Ylst v. Nunnemaker, 111 S.Ct. 2590, 2595 (1991). "[I]f the decision of the last state court to which the petitioner presented his federal claims fairly appeared to rest primarily on resolution of those claims, or to be interwoven with those claims, and did not clearly and expressly rely on an independent and adequate state ground, a federal court may address the petition." Coleman, 111 S.Ct. at 2557 (footnote omitted).
 
 
 5
 Here, the Oklahoma Court of Criminal Appeals "clearly and expressly" stated that its judgment rested on Petitioner's failure to raise his ineffective assistance of counsel claims on direct appeal. While the state court also addressed the merits of the claims, its statement that Petitioner "failed to show entitlement to relief in a post-conviction proceeding in that he has not raised any issues that could not have been raised in an appeal" is a "plain statement" that its judgment rests on a state procedural bar, see Andrews v. Deland, 943 F.2d 1162, 1188 (10th Cir.1991), cert. denied, 112 S.Ct. 1213 (1992), and is therefore sufficient to invoke procedural bar. See Thomas v. Gunter, 962 F.2d 1477, 1484 n. 9 (10th Cir.1992) (finding that state court relied on procedural bar despite state court's discussion of the merits). Thus, we agree with the magistrate judge that the state court relied on the state procedural rule as an independent state ground to deny Petitioner relief.
 
 
 6
 A finding that the last state court decision rejected Petitioner's claims on an independent state ground does not end the inquiry. The federal court must still determine whether the independent state ground is in fact adequate by determining whether the state court has strictly and regularly followed the state rule. See Johnson v. Mississippi, 486 U.S. 578, 587 (1988). Even if a petitioner's failure to comply with a state procedural rule is an adequate and independent state ground, the petitioner's procedural default is excused if he or she can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 111 S.Ct. at 2565.
 
 
 7
 Here, the magistrate judge never found that the state procedural rule requiring ineffective assistance of counsel claims to be brought on direct appeal is an adequate state ground, nor did the magistrate judge apply the cause and prejudice standard. Thus, we must remand to the district court to determine the following: (1) whether Oklahoma's procedural rule requiring ineffective assistance of counsel claims to be brought on direct appeal is an adequate state ground; (2) whether Petitioner's third claim of ineffective assistance of counsel, regarding his counsel's failure to advise him about withdrawing his guilty plea or taking a direct appeal, constitutes cause for Petitioner's state procedural default, see supra note 2; and, if it does, (3) whether Petitioner was thereby prejudiced.[6]
 
 
 8
 Finally, the magistrate judge's findings and recommendation, which the district court adopted, state that Petitioner's claims of ineffective assistance of counsel are "refuted by the record" and do not overcome the "presumption of reasonable professional assistance." Petitioner's allegations that his counsel failed to move to suppress his confession and the victim's identification, and his counsel erroneously advised him of his potential sentence, and that, but for these alleged errors, Petitioner would not have pleaded guilty and instead would have insisted on going to trial are sufficient to state a constitutional claim. See Hill v. Lockhart, 474 U.S. 52, 56-59 (1985). See also Tollet v. Henderson, 411 U.S. 258, 267 (1973); Garmon v. Lockhart, 938 F.2d 120, 122 (8th Cir.1991). The entire record in the present proceeding consists of the petition, Respondents' motion to dismiss and its attachments which includes the Oklahoma Court of Criminal Appeals' order, Petitioner's state court brief, and the guilty plea waivers. While we recognize that Petitioner must overcome a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance," Strickland v. Washington, 466 U.S. 668, 689 (1984), the record is simply not sufficiently developed to dismiss Petitioner's claims on the merits.[7]
 
 
 9
 Because Petitioner's appeal has "an arguable basis in law or in fact," see Neitzke v. Williams, 490 U.S. 319, 325 (1989); 28 U.S.C. § 1915(d), and he has made a substantial showing of the denial of a federal right, see Lozada v. Deeds, 111 S.Ct. 860, 861-62 (1991); 28 U.S.C. § 2253, petitioner's requests to proceed in forma pauperis on appeal and for a certificate of probable cause are GRANTED. The district court's order dismissing the petition without prejudice is REVERSED and the case is REMANDED to the district court for further proceedings consistent with this order and judgment.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Specifically, Petitioner claimed that his counsel was constitutionally ineffective by failing to move to suppress Petitioner's allegedly involuntary confession and an allegedly tainted in-court identification by the victim, by failing to advise Petitioner that his sentences could run consecutively and that he would be required to serve at least one third of his sentence before being eligible for parole, and by erroneously advising him that he would be paroled in five years if he pleaded guilty. Petitioner alleged that had his counsel raised these defenses, which would have likely succeeded, and/or had his counsel not erroneously advised him about the length of his sentence, he would not have pleaded guilty and would have insisted on going to trial
 
 
 [2]
 Oklahoma requires that ineffective assistance of counsel claims be brought on direct appeal. See Cartwright v. State, 708 P.2d 592, 594-95 (Okla.Crim.App.1985), cert. denied, 474 U.S. 1073 (1986). Oklahoma courts will not consider ineffective assistance of counsel claims in an application for post-conviction relief absent a showing of ineffective assistance of appellate counsel. See Nguyen v. State, 844, P.2d 176, 178 (Okla.Crim.App.1992)
 In addition to his two ineffective assistance of counsel claims which allegedly led him to plead guilty, see supra note 1, Petitioner alleged that his counsel was constitutionally ineffective in failing to advise him about withdrawing his guilty plea or taking a direct appeal and in failing to contact him within the necessary time period to pursue either of these avenues of relief. This claim was clearly an attempt to excuse Petitioner's procedural default, and the state court rejected it by distinguishing Baker v. Kaiser, 929 F.2d 1495 (10th Cir.1991), and stating that "Petitioner has not established that his counsel was dismissed prior to the ten day period, and no substitute counsel was appointed, such that he had no counsel to contact as was the situation in Baker." Without expressing any opinion on the state court's resolution of this issue, we note that Petitioner has a constitutional right to effective assistance of counsel concerning his decision not to appeal, and that ineffective assistance of counsel may constitute cause excusing Petitioner's procedural default. See Gilbert v. Scott, 941 F.2d 1065, 1068 (10th Cir.1991).
 
 
 [3]
 The magistrate judge's findings and recommendation also state that, because Petitioner failed to respond within fifteen days to Respondent's motion to dismiss Petitioner's claims as procedurally barred, the motion was deemed confessed under the local rules. See W.D.Okla.Loc.R. 14(A) (1992). Dismissal without prejudice for failure to respond to a motion does not serve the interests of judicial economy, and to the extent the district court actually relied on Local Rule 14(A) in dismissing the petition without prejudice, we believe that it abused its discretion. Cf. Meade v. Grubbs, 841 F.2d 1512, 1519-22 (10th Cir.1988) (dismissal with prejudice of pro se complaint for failing to respond to a motion to dismiss as required by Local Rule 14(A) of was an abuse of discretion)
 
 
 [4]
 We do not understand why the magistrate judge recommended dismissal without prejudice. If federal habeas review of Petitioner's claim is barred by his state procedural default, or if Petitioner's claims are without merit, the petition should be dismissed with prejudice
 
 
 [5]
 Although Petitioner failed to object to the magistrate judge's findings and recommendations, we cannot invoke our "firm waiver rule," which bars appellate review when party fails to timely object to a magistrate judge's findings and recommendation, because the magistrate judge's order here does not apprise the pro se litigant of these consequences. See Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991)
 
 
 [6]
 The fundamental miscarriage of justice exception to the procedural default rule does not apply in this case because Petitioner does not assert that he is factually innocent of the crimes for which he is imprisoned. See Sawyer v. Whitley, 112 S.Ct. 2514, 2518-23 (1992); Gee v. Shillinger, 979 F.2d 176, 178 (10th Cir.1992)
 
 
 [7]
 The magistrate judge could not have relied on the presumption of correctness that attaches to state court factual findings, see Sumner v. Mata, 449 U.S. 539, 544-45 (1981), because the record does not indicate that Petitioner ever received a state court hearing on any of his present claims. See 28 U.S.C. 2254(d) (presumption of correctness attaches only if state court findings were made following hearing)