41 F.3d 1516
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bruce Donnell THOMPSON, Petitioner-Appellant,
v.
Ron CHAMPION; Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 93-6325.
 United States Court of Appeals, Tenth Circuit.
 Oct. 20, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Bruce Donnell Thompson challenges the denial of his petition for a writ of habeas corpus made pursuant to 28 U.S.C. Sec. 2254. Appellant pleaded guilty in Oklahoma state court to numerous charges ranging from rape to unauthorized use of an automobile and was sentenced to consecutive sentences of 35 and 40 years imprisonment. He did not attempt to withdraw his guilty plea after sentencing, nor did he directly appeal his sentence.
 
 
 3
 Appellant subsequently applied to the Oklahoma Court of Criminal Appeals for post-conviction relief alleging ineffective assistance of counsel on several grounds. The court denied appellant's request, finding his claims procedurally barred under Oklahoma's rule that ineffective assistance claims must be brought on direct appeal.
 
 
 4
 Appellant next brought this petition for habeas corpus in federal district court. The district court denied the petition on the ground that appellant had procedurally defaulted on his claims in state court. On appeal, we reversed the district court and remanded the case, directing the court to make further findings. Thompson v. Champion, 996 F.2d 311 (10th Cir.1993) (unpublished disposition). Specifically, we ordered the court to determine whether the procedural bar cited by the court was an independent and adequate state ground and, if so, whether appellant had demonstrated cause for his default and resulting prejudice. Id.
 
 
 5
 On remand, the district court found that there was no adequate state ground for dismissal of appellant's ineffective assistance claim; as a result, it was not barred. The district court nevertheless rejected appellant's claims on the merits, and Mr. Thompson now appeals. We grant appellant leave to proceed in forma pauperis and a certificate of probable cause and consider his claims.
 
 
 6
 In Coleman v. Thompson, 501 U.S. 722 (1991), the Supreme Court stated:
 
 
 7
 In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.
 
 
 8
 Id. at 750. Here, the state ground is clearly "independent"; whether appellant's petition is barred depends only on whether the state ground is also "adequate."
 
 
 9
 We agree with the district court's finding that the state procedural ground for dismissing appellant's claim is inadequate to bar review of his ineffectiveness claim. A state procedural rule is not entitled to respect as an adequate state ground unless it is "strictly or regularly followed." Hathorn v. Lovorn, 457 U.S. 255, 263 (1982); Barr v. City of Columbia, 378 U.S. 146, 149 (1964). And, as the magistrate judge explained, the Oklahoma Court of Criminal Appeals recently limited the requirement that an ineffective assistance claim be brought on direct appeal to cases in which the defendant had different counsel on direct appeal than at trial, Webb v. State, 835 P.2d 115, 117 (Okla.Crim.App.1992), demonstrating that the rule is still evolving. Under these circumstances, the rule at issue does not qualify as a "strictly or regularly followed" state practice. Appellant therefore is not procedurally barred from asserting his ineffectiveness claim in this federal habeas petition.
 
 
 10
 Upon reviewing the record, however, we conclude that appellant's ineffectiveness claim fails on the merits. For substantially the reasons stated by the magistrate judge in pages 5-12 of his "Supplemental Findings and Recommendation" (attached as an appendix to this opinion), we find that appellant's trial counsel was not constitutionally ineffective as measured by the standards announced in Strickland v. Washington, 466 U.S. 668 (1984). The district court's dismissal of appellant's petition for a writ of habeas corpus is therefore AFFIRMED. The mandate shall issue forthwith.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT FOR
 THE WESTERN DISTRICT OF OKLAHOMA
 
 11
 Bruce Donnell THOMPSON, Petitioner,
 
 
 12
 v.
 
 
 13
 Ron CHAMPION, Warden, et al., Respondents.
 
 
 14
 Aug. 12, 1993.
 
 No. CIV-92-1970-T
 
 15
 SUPPLEMENTAL FINDINGS AND RECOMMENDATION OF UNITED STATES
 
 MAGISTRATE JUDGE
 
 16
 By mandate entered on May 19, 1993, the Tenth Circuit Court of Appeals reversed the judgment of United States District Judge Ralph G. Thompson entered herein on January 6, 1993, and remanded the instant petition for writ of habeas corpus to this court. The circuit court directed that further proceedings be conducted to determine "(1) whether Oklahoma's procedural rule requiring ineffective assistance of counsel claims to be brought on direct appeal is an adequate state ground; (2) whether Petitioner's third claim of ineffective assistance of counsel, regarding his counsel's failure to advise him about withdrawing his guilty plea or taking a direct appeal, constitutes cause for Petitioner's state procedural default, ... and, if it does, (3) whether Petitioner was thereby prejudiced." Thompson v. Champion, 1993 WL 170924 (10th Cir. May 19, 1993), slip op. at 6-7 (footnote omitted) (CCA No. 93-6035).
 
 
 17
 Following the remand, the case was resubmitted pursuant to 28 U.S.C. Sec. 636(b)(1)(B) for the submission of supplemental findings and recommendation for disposition. In compliance with the court's directive, the parties have filed briefs directed to the issues to be determined in this remand and Respondent has filed the affidavit of Petitioner's trial counsel, Mr. John Thomas Pugh.
 
 
 18
 The Oklahoma Court of Criminal Appeals relied on its procedural bar rule in refusing to review Petitioner's federal claim of ineffective assistance of trial counsel. This determination may bar federal habeas review of Petitioner's Sixth Amendment claim only if it constitutes an independent and adequate state ground for the decision. Coleman v. Thompson, 111 S.Ct. 2546, 2554, 2557 (1991). There is no issue regarding the independence of the Oklahoma Court of Criminal Appeals' decision. See Thompson v. Champion, supra, slip op. at 6. Respondent asserts that the state court's reliance on its procedural default rule is also an adequate state ground for the decision. Respondent contends the Oklahoma Court of Criminal Appeals has consistently applied the rule that the failure to raise grounds in a direct appeal bars a petitioner from raising the same grounds in a subsequent collateral attack. Respondent does not, however, address with particularity the issue whether the state procedural rule requiring ineffective assistance of counsel claims to be brought on direct appeal is an adequate state ground.
 
 
 19
 The Supreme Court has cautioned that a state procedural rule is not entitled to respect as an adequate and independent state ground unless the procedural rule is "strictly or regularly followed." Hathorn v. Lovorn, 457 U.S. 255, 262-263 (1982). Accord, Johnson v. Mississippi, 486 U.S. 578, 587 (1988) (state procedural rule must be "consistently or regularly applied" to warrant application of procedural bar in habeas corpus). A state procedural rule is consistently applied if it is invoked in a "vast majority" of the cases. Dugger v. Adams, 489 U.S. 401, 410-412, n. 6 (1989). In Ford v. Georgia, 498 U.S. 411 (1991), the Supreme Court reiterated that "only a 'firmly established and regularly followed state practice' may be interposed by a state to prevent subsequent review by this Court of a federal constitutional claim." Id. at 423-424, quoting James v. Kentucky, 466 U.S. 341, 348-349 (1984).
 
 
 20
 In Cartwright v. State, 708 P.2d 592 (Okl.Cr.1985), cert. denied, 474 U.S. 1073 (1986), the Oklahoma Court of Criminal Appeals determined that post-conviction review of a claim of ineffective assistance of trial counsel was not available because the petitioner failed to state a sufficient reason for not raising the issue on direct appeal. Id. at 594-595. In Banks v. State, 810 P.2d 1286 (Okla.Cr.1991), cert. denied, 112 S.Ct. 883 (1992), the appellate court found that a claim of ineffective assistance of trial counsel could have been raised on direct appeal where the petitioner had different counsel on appeal and further found that absent a showing of ineffective assistance of appellate counsel, post-conviction review of the issue was barred by res judicata. Id. at 1289. This same rule was applied in Nguyen v. State, 844 P.2d 176, 179-180 (Okl.Cr.1992), cert. denied, 113 S.Ct. 3006 (1993).
 
 
 21
 In Webb v. State, 835 P.2d 115 (Okl.Cr.1992), the appellate court clarified its procedural bar rule for ineffective assistance of trial counsel claims. The court first stated its general procedural bar rule, declaring that "[w]hen the issue of ineffectiveness of counsel could have been raised in a prior proceeding, this court will rely on res judicata and decline to address the claim on its merits." Id. at 117. The court then limited the rule to the circumstances before it in which the petitioner "had separate counsel on his direct appeal and on his first application for post-conviction relief in the District Court." Id. The appellate court expressly declined to apply the rule to instances in which "an appellant has not had the opportunity for independent, separate and objective representation of counsel through the appeals process." Id.
 
 
 22
 The petitioners in the Cartwright, Banks, Nguyen and Webb cases had different counsel for their appeals. The Petitioner herein, however, did not appeal or, needless to say, have separate counsel for an appeal. Part of his claim of ineffective assistance of counsel is that his trial counsel failed to advise him about withdrawing his guilty plea or taking a direct appeal and failed to contact him during the requisite time period for taking either of these actions. In light of Webb v. State, supra, it appears that the state's procedural bar rule governing ineffective assistance claims is evolving.[1] Accordingly, and in the interest of justice, the court finds federal habeas review on the merits is not prohibited by Petitioner's state procedural default. Harris v. Reed, 489 U.S. 255, 260 (1989).
 
 
 23
 Moreover, Petitioner challenges, inter alia, tactical decisions by trial counsel in allegedly failing to move to suppress a confession and in-court identification. In this circuit, the failure to bring an ineffectiveness claim on direct appeal bars the claim in collateral proceedings only in "situations where the defendant is no longer represented by trial counsel and it is evident that resolution of the ineffectiveness claim would not be substantially aided by further development of the record." Beaulieu v. United States, 930 F.2d 805, 807 (10th Cir.1991). The Oklahoma Court of Criminal Appeals has allowed the record to be expanded for inclusion of the defense attorney's affidavit when a claim of ineffective assistance of trial counsel is made through different counsel on appeal. See Crawford v. State, 840 P.2d 627, 641-643 (Okl.Cr.1992); Stouffer v. State, 817 P.2d 1275, 1277 (Okl.Cr.1991), cert. denied, 112 S.Ct. 1573 (1992). However, where, as here, the state has applied its procedural bar rule, no record has been developed in the state courts explaining defense counsel's actions. Consequently, the federal habeas court is left with the unfortunate task of developing the record without benefit of state court findings on factual matters. In light of this deficiency, Respondent has filed the affidavit of Petitioner's defense counsel, Mr. John Thomas Pugh, in response to the allegations of ineffective assistance.
 
 
 24
 Because Petitioner's procedural default does not bar review of the merits of his ineffectiveness claim, this court need not address the remaining issues of cause and prejudice that were the subject of the remand by the Tenth Circuit Court of Appeals.
 
 
 25
 Petitioner's specific allegations of ineffective assistance include (1) counsel's failure to move to suppress Petitioner's allegedly involuntary confession and an allegedly tainted in-court identification by the victim; (2) counsel's failure to advise Petitioner that his sentences could run consecutively and that he would be required to serve at least one-third of his sentence before being eligible for parole; (3) counsel's erroneous advice that Petitioner would be paroled in five years if he pleaded guilty; (4) counsel's failure to advise him concerning withdrawing his guilty plea or taking a direct appeal; and (5) counsel's failure to contact him during the ten-day period following sentencing to determine whether he wanted to file a motion to withdraw his guilty plea.
 
 
 26
 The standard governing Petitioner's claim is well established. Under Strickland v. Washington, 466 U.S. 668 (1984), a petitioner alleging a denial of his or her Sixth Amendment right to effective assistance of counsel must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. Id. at 686-687. To satisfy the performance component of this standard, "the defendant must show that counsel's representation fell below an objective standard of reasonableness," considering all the circumstances, and indulging "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " Id. at 688-689, quoting Michel v. Louisiana, 350 U.S. 91, 101 (1995). See Hill v. Lockhart, 474 U.S. 52, 58 (1985) (adopting Strickland standard for habeas cases involving Sixth Amendment claims of ineffective assistance of counsel in guilty plea context).
 
 
 27
 Where an error by counsel is found to have been professionally unreasonable at the time it was made, the petitioner must also show that the error prejudiced the defense in order to establish a constitutional deprivation. Strickland v. Washington, supra at 691-692. In this regard, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a guilty plea, the "defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, supra at 59.
 
 
 28
 Petitioner alleges that he was arrested for an "unrelated crime," that he was advised of his rights under Miranda v. Arizona, 384 U.S. 436 (1966), and that he "only consented to talk to the police officer about the crime that he had been arrested for." However, Petitioner alleges that once the interrogation was completed concerning the crime for which Petitioner was arrested, the police then interrogated Petitioner "about every unsolved crime that they could possibly force on him" even though he "had no knowledge of any other crime." Petitioner further alleges that he gave the confession only "after many hours and threats (all of which were unrecorded due to the cutting of the tape recorder at the time)," that his confession was therefore involuntary, and defense counsel should have moved to suppress the confession.
 
 
 29
 In response to Petitioner's allegation, Mr. Pugh avers that he recommended Petitioner enter "blind" guilty pleas after he viewed the video statement that Petitioner gave to the police and determined that a motion to suppress the confession was "hopeless" because Petitioner "was advised of his rights more than once and not only freely discussed the crime that [the police] were charging him with, but two more that the police did not even know about but were later able to confirm." Mr. Pugh also avers that Petitioner never asked to have an attorney present and only thought he should have been allowed to consult with his wife, who is not an attorney, prior to finishing his statement. Counsel avers that he also determined Petitioner's chances of a not-guilty verdict at a jury trial were hopeless because of the valid confession. Counsel further avers that he recommended guilty pleas because Petitioner's military record and background, though not spotless, were "good enough to prevent him from getting any life sentences." Counsel avers that he determined, based on the government's evidence presented at the preliminary hearing, that Petitioner would have gotten at least one, if not more than one, life sentence at a jury trial. Counsel finally avers that the decisions he made were the best that could have been made at the time given the facts.
 
 
 30
 Mr. Pugh's advice to Petitioner to enter guilty pleas after investigating the strength of the government's case and possible defenses to the charges, is well within the range of competent assistance required of defense attorneys. Although Mr. Pugh does not specifically respond to Petitioner's allegation concerning an allegedly tainted in-court identification, counsel's failure to move to suppress an in-court identification, where the victim merely was asked to point to the offender in the court room during the preliminary hearing, does not show that counsel's representation "fell below an objective standard of reasonableness." Strickland v. Washington, supra at 688. Petitioner has not demonstrated a reasonable probability that a motion to suppress either the confession or the identification would have been successful in gaining an acquittal.
 
 
 31
 Petitioner alleges Mr. Pugh failed to advise him in various respects concerning sentencing, including the possibility of consecutive sentences and the requirement that at least one-third of the sentence must be served before becoming eligible for parole. Petitioner also alleges that Mr. Pugh misadvised him by telling Petitioner he would be paroled in five years if he pleaded guilty.
 
 
 32
 Petitioner entered "blind" pleas in which there is no recommendation by the state or agreement as to punishment. When a blind plea is entered, sentencing is entirely in the discretion of the trial judge. See May v. State, 788 P.2d 408, 410 (Okl.Cr.1990); Walters v. State, 778 P.2d 483, 484-485 (Okl.Cr.1989) (Lumpkin, J., dissenting). Petitioner pled guilty to numerous felony charges, including four violent offenses, rape, two counts of robbery with firearms, and attempted kidnapping for extortion, which carry potential life sentences. The record shows Petitioner was advised at the time he entered the guilty pleas of the range of punishment for each offense. Petitioner was advised of and indicated his understanding of the trial rights he was waiving by entering the pleas. Petitioner stated that there was no agreement with anyone or promise as to what the punishment would be, and Petitioner stated he was entering the pleas voluntarily, because he was guilty of the offenses charged. The pleas were entered in open court on September 22, 1989, and Petitioner exercised his right to be sentenced after a presentence report was submitted to the trial court. Sentencing on the convictions was not conducted until November 2, 1989. At sentencing, Petitioner was again advised of the range of punishment for each offense and stated he understood he could be sentenced within those limits. The trial judge sentenced Petitioner to concurrent sentences on all but one of the offenses (with the longest being 35 years) and sentenced Petitioner to a consecutive 40-year sentence on the rape offense. The record shows that Petitioner was advised of the procedure for withdrawing the guilty pleas. Petitioner stated that he did not want to remain in the county jail during the ten-day period following sentencing before being transferred to state custody to serve his sentences.
 
 
 33
 There is nothing in the record to indicate Petitioner misunderstood or was misinformed as to the maximum punishment that could be assessed by the trial court at sentencing or that Petitioner based his decision to enter the guilty pleas on any promise as to the punishment he would receive. The record shows Petitioner was advised by the trial court of the range of punishment for each offense, that he could be sentenced within this range on each offense, and the procedure for appealing his guilty pleas. Therefore, Petitioner has not shown that any of the alleged errors by counsel prejudiced the Petitioner, such that he would have proceeded to trial in the absence of the error.
 
 
 34
 The final allegation of attorney ineffectiveness is Petitioner's claim that Mr. Pugh did not advise him he could withdraw the pleas or contact him during the ten-day period following sentencing to determine whether Petitioner wanted to move to withdraw the pleas. In response to this allegation, Mr. Pugh avers that both the trial court and Mr. Pugh advised Petitioner of the procedure to be followed to move to withdraw the pleas. However, "[m]erely advising a defendant of his right to appeal is 'insufficient to satisfy the right to counsel.' " Hardiman v. Reynolds, 971 F.2d 500, 506 (10th Cir.1992), quoting Baker v. Kaiser, 929 F.2d 1495, 1499 (10th Cir.1991).
 
 
 35
 Petitioner's constitutional right to counsel extended to the ten-day period following sentencing. Baker v. Kaiser, supra. There is no indication in the record that Mr. Pugh contacted Petitioner during the pertinent ten-day period. On the other hand, there is no indication in the record that Petitioner attempted to contact Mr. Pugh or wanted his assistance during the relevant time period.[2] At sentencing, Petitioner expressed his desire to begin serving his sentences immediately, although he was advised that he could choose to remain in the county jail during the pertinent 10-day period following sentencing. Additionally, Petitioner did not seek post-conviction relief for some two years after sentencing. There is no evidence in the record showing that Petitioner was indigent or that Petitioner made an attempt to retain counsel or have counsel appointed for purpose of an appeal. Cf. Baker v. Kaiser, supra at 1499-1500 (counsel appointed to appeal indigent defendant's conviction provided constitutionally ineffective assistance where counsel failed to contact defendant during ten-day period following sentencing).
 
 
 36
 A criminal defendant generally has no right to notice concerning the right to appeal a guilty plea. Hardiman v. Reynolds, supra. There are two exceptions to this general rule, and counsel's duty to inform a defendant of the right to appeal arises "[i]f a claim of error is made on constitutional grounds, which could result in setting aside the plea, or if the defendant inquires about an appeal right." Laycock v. New Mexico, 880 F.2d 1184, 1188 (10th Cir.1989). The record shows Petitioner's pleas were voluntarily and knowingly entered, with an adequate understanding of the consequences of the pleas. Petitioner had retained counsel who provided constitutionally adequate assistance in advising Petitioner to enter guilty pleas, and there is no evidence indicating that Petitioner inquired about an appeal.
 
 
 37
 Additionally, the only constitutional claim asserted by Petitioner is that his defense attorney provided ineffective assistance of counsel. Petitioner does not allege that during the pertinent time period Mr. Pugh was made aware of or had reason to know that Petitioner believed Mr. Pugh's assistance had been constitutionally inadequate. Counsel's duty to inform his client of his right to appeal a guilty plea arises when "counsel either knows or should have learned of his client's claim or of the relevant facts giving rise to that claim." Hardiman v. Reynolds, supra, at 506. Mr. Pugh had no duty to inform Petitioner of his right to appeal the guilty pleas in the absence of any evidence demonstrating Mr. Pugh knew or should have known Petitioner believed his assistance was constitutionally inadequate. Laycock v. New Mexico, supra. Therefore, Petitioner's attorney did not provide constitutionally ineffective assistance in failing to inform or advise Petitioner concerning an appeal from his guilty pleas.
 
 
 38
 Accordingly, the undersigned recommends that judgment issue denying the writ of habeas corpus and dismissing the cause of action. By law, the parties are granted until the 27th day of August, 1993, within which to file an appeal/objection, failing which this may become the final Order of the Court without further notice. This enlargement of the statutory period of time obviates the need for any motion for an extension of time.
 
 
 39
 /s/ Ronald L. Howland
 
 RONALD L. HOWLAND
 United States Magistrate Judge
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 In one reported case involving the situation where the petitioner was represented by the same counsel on appeal as at trial, the appellate court raised the issue of ineffective assistance of trial counsel sua sponte, noting that counsel could not be expected to assert his own incompetence. Smith v. State, 650 P.2d 904, 908, n. 7 (Okl.Cr.1987)
 
 
 [2]
 Although Petitioner alleges in the petition that at some unidentified time after sentencing, he unsuccessfully tried to contact Mr. Pugh to withdraw his pleas, he admits in his "Response to This Court's Order of June 17, 1993" that he failed to contact his attorney or request counsel's assistance during the ten-day period following sentencing. Petitioner's "Response ...", at 13