UNITED STATES COURT OF APPEALS

**Filed 1/6/97**

FOR THE TENTH CIRCUIT

MARKIE K. GARNER,

        Petitioner-Appellant,

v.

R. MICHAEL CODY,

        Respondent-Appellee.

No. 95-6353
(D.C. No. CIV-95-372-L)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before EBEL and HENRY, Circuit Judges, and DOWNES,[**] District Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] Honorable William F. Downes, District Judge, United States District Court for the District of Wyoming, sitting by designation.

Petitioner appeals the denial of his request for habeas relief pursuant to 28 U.S.C. § 2254. In August 1993, petitioner pled guilty in Oklahoma state court to auto theft, attempted escape, and destruction of public property, all after former conviction of a felony. He did not seek to withdraw his guilty plea or take a direct appeal within the statutory time period, but he later filed a habeas petition in state court. Petitioner argued in his state petition that his convictions for attempted escape and destruction of public property arose out of the same transaction and, therefore, violated double jeopardy; that the prior convictions used to enhance his sentence were not shown to be final; and that his trial counsel was ineffective because he did not ask petitioner if he wanted to withdraw his guilty plea within ten days and did not raise the double jeopardy issue. See R. Vol. I, Doc. 13, Ex. B at 2. The trial court denied petitioner's claims on the merits. On appeal, the Oklahoma Court of Criminal Appeals determined that petitioner had not established that he was denied an appeal through no fault of his own. The court concluded, therefore, that petitioner had procedurally defaulted his claims by failing to take a direct appeal.

Petitioner then brought the present federal habeas action, in which he asserted essentially the same claims that he raised in state court. Respondent argued that petitioner's claims were procedurally barred due to his failure to take a direct appeal. The district court, relying on this court's unpublished order and

judgment in <u>Thompson v. Champion</u>, No. 93-6325, 1994 WL 589458, at **1 (10th Cir. Oct. 20, 1994), held that Oklahoma's procedural rule barring petitioner's claim for ineffective assistance of counsel did not constitute an "adequate" state ground.[1]  Therefore, the district court held petitioner had not defaulted his ineffective assistance claim.  The court considered the merits of petitioner's ineffective assistance claim, which included an assessment of petitioner's double jeopardy and sentencing enhancement claims, and, finding no merit, denied the habeas petition.

On appeal, respondent contends that we should recognize the procedural bar applied by the Oklahoma Court of Criminal Appeals and affirm the denial of relief on that basis. Respondent bases his argument on the following amendment to 28 U.S.C. § 2254:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted

---

[1]     "The [adequate and independent state ground] doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement.  In these cases, the state judgment rests on independent and adequate state procedural grounds."  <u>Coleman v. Thompson</u>, 501 U.S. 722, 729-30 (1991).  If a prisoner is in custody pursuant to a state court judgment that rests on an adequate and independent state ground, such as procedural default, then a federal court will not address the merits of the prisoner's federal claims, <u>see</u> <u>id.</u> at 730, 736, "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice," <u>id.</u> at 750.

with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, sec. 104(3), § 2254(d), 110 Stat. 1214, 1219.

Respondent argues that we should apply this new standard of review retroactively and further contends that the new standard requires us to give deference to Oklahoma's determination that petitioner's claims were barred, unless we conclude that Oklahoma's decision was a result of either an unreasonable application of federal law as determined by the Supreme Court or an unreasonable determination of the facts based on the state court record. Respondent then concludes that, because the Supreme Court has not deemed Oklahoma's procedural rule unreasonable, and because the record supports the Oklahoma court's determination that petitioner did not establish that he failed to take a direct appeal through no fault of his own, we must deem petitioner's claims procedurally barred.

Respondent's argument has one fundamental flaw: the standard of review under 28 U.S.C. § 2254 (both before and after AEDPA), specifically relates to

claims that were adjudicated on the merits in state court, and does not affect the adequacy or independence of a state court's procedural bar.[2]  The Oklahoma Court of Criminal Appeals made only one merits determination:  that petitioner did not fail to take an appeal through no fault of his own.  The district court did not refuse to apply the procedural bar based on its review of this determination, however.  Rather, it refused to apply the bar based on its own determination that the state procedural rule did not constitute an "adequate" state ground that would bar federal habeas review.

In Thompson, 1994 WL 589458, at **1, a panel of this court concluded that Oklahoma's rule requiring ineffective assistance claims to be brought on direct appeal was "still evolving," and, therefore, did "not qualify as a 'strictly or regularly followed' state practice."  We need not decide whether this view of Oklahoma's practice is still accurate, see, e.g., Berget v. State, 907 P.2d 1078, 1084 (Okla. Crim. App. 1995)("This Court's preferred method still requires such a challenge [to the assistance of trial counsel] to be raised on direct appeal, not through a collateral attack, or it is waived."), because we have declared

---

[2]     "A state court finding of procedural default is independent if it is separate and distinct from federal law."  Maes v. Thomas, 46 F.3d 979, 985 (10th Cir.), cert. denied, 115 S. Ct. 1972 (1995).  A finding of procedural default is considered "adequate" if it has been applied evenhandedly "'in the vast majority' of cases."  Id. at 986 (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991), cert. denied, 502 U.S. 1110 (1992)).

Oklahoma's procedural rule inadequate, when applied to claims of ineffective assistance of trial counsel, on another basis, see Brecheen v. Reynolds, 41 F.3d 1343, 1363-64 (10th Cir. 1994), cert. denied, 115 S. Ct. 2564 (1995).

In Brecheen, we noted that ineffective assistance of trial counsel claims will frequently need additional factual development beyond that set forth in the appellate record and, therefore, collateral proceedings will often be the only effective forum in which a defendant can assert such a claim. Id. at 1363-64. Therefore, when the claim at issue is one for ineffective assistance of trial counsel, the general rule that claims not raised at trial or on direct appeal will preclude federal habeas review "must give way because of countervailing concerns unique to ineffective assistance claims." Id. at 1363.

> The practical effect of this ruling [by the Oklahoma court] is to force [the petitioner] either to raise this claim on direct appeal, with new counsel but without the benefit of additional fact-finding, or have the claim forfeited under state law. This Hobson's choice cannot constitute an adequate state ground under the controlling case law because it deprives [the petitioner] of any meaningful review of his ineffective assistance claim.

Id. at 1364.

Therefore, based on our holding in Brecheen, the district court properly concluded that petitioner's claim of ineffective assistance of trial counsel was not barred by his failure to raise it on direct appeal. See also Brewer v. Reynolds, 51 F.3d 1519, 1522 (10th Cir. 1995)("[T]he failure to raise a claim of ineffective

assistance of counsel on direct review will not preclude federal review of that claim."), cert. denied, 116 S. Ct. 936 (1996). Petitioner's double jeopardy and sentence enhancement claims would still be barred by his failure to take a direct appeal, however, unless he can demonstrate either cause for his default and actual prejudice, or that failure to review those claims would result in a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991).

We turn, then, to the merits of petitioner's ineffective assistance claim, which, if established, could constitute cause for his procedural default, id. at 754. Petitioner alleges that his trial counsel was constitutionally ineffective because (1) he did not contact petitioner during the ten-day period following his guilty plea, (2) he did not ask petitioner whether he wanted to withdraw his plea and file an appeal, and (3) he did not advise petitioner of his double jeopardy claim. "An attorney has no absolute duty in every case to advise a defendant of his limited right to appeal after a guilty plea. Failure to notify the defendant of this limited right is not in itself ineffective assistance." Laycock v. New Mexico, 880 F.2d 1184, 1187-88 (10th Cir. 1989)(citations omitted). Counsel has a duty to inform the defendant of the limited right to appeal from a guilty plea only "if the defendant inquires about an appeal right," or "[i]f a claim of error is made on constitutional grounds, which could result in setting aside the plea." Id. at 1188. In the latter situation, counsel has a duty to inform the defendant of his appeal

rights if "counsel either knows or should have learned of his client's claim or of the relevant facts giving rise to that claim." Hardiman v. Reynolds, 971 F.2d 500, 506 (10th Cir. 1992)(quotation omitted).

Here, the record reflects that the trial court advised petitioner of his right to withdraw his guilty plea and file an appeal within ten days of the plea. R. Vol. I, Doc. 18, Ex. C at 13. The trial court also advised petitioner that he had the right to postpone transportation to the penitentiary, and remain in the local jail, during those ten days, but petitioner waived this right. Id. The record does not reflect that petitioner made any attempt to contact his counsel to inquire about an appeal, nor, as the Oklahoma Court of Appeals noted, does it reflect that petitioner had any desire to withdraw his plea or file an appeal within the statutory ten-day period. Further, because we agree with the district court that petitioner's double jeopardy claim is without merit, petitioner has not demonstrated that his counsel knew or should have known of the existence of constitutional error that could have resulted in the setting aside of petitioner's guilty plea. Therefore, we conclude that counsel's assistance was not constitutionally ineffective.

Our conclusion on the merits of petitioner's ineffective assistance claim leads to the further conclusion that petitioner has not demonstrated cause for his procedural default of his double jeopardy and sentencing enhancement claims. Therefore, these claims will be barred unless petitioner can demonstrate that

barring those claims would result in a fundamental miscarriage of justice. In the noncapital context, this requires a showing of actual innocence, see United States v. Richards, 5 F.3d 1369, 1371 (10th Cir. 1993)(citing Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992)), which petitioner has not alleged.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

The mandate shall issue forthwith.

Entered for the Court


William F. Downes
District Judge

-9-