51 F.3d 285
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Terry BUCKMASTER, Plaintiff-Appellant,
v.
Larry FIELDS, Edward L. EVANS, Henry HUTCHISON, Defendants-Appellees.
 No. 93-6005.
 United States Court of Appeals, Tenth Circuit.
 March 22, 1995.
 ORDER AND JUDGMENT[1]
 
 1
 Before HOLLOWAY and McKAY, Circuit Judges, and BELOT,[2] District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Appellant Buckmaster (plaintiff) appeals from the district court's dismissal of his civil rights action which challenged the "grooming code" of the Oklahoma Department of Corrections (DOC). The policies of the DOC regarding hair length and facial hair of inmates have been the subject of much litigation, including several published opinions of this court. See Longstreth v. Maynard, 961 F.2d 895 (10th Cir.1992); McKinney v. Maynard, 952 F.2d 350 (10th Cir.1991); and Mosier v. Maynard, 937 F.2d 1521 (10th Cir.1991). As in those cases, plaintiff here challenged the grooming code as an infringement on his constitutional right of free exercise of religion, seeking monetary damages in the amount of $3,000.00 and other relief.
 
 
 4
 In the district court, the action was assigned to a magistrate judge for a report and recommendation pursuant to 28 U.S.C. 636(b)(1)(B). The magistrate judge issued an order requiring the appropriate DOC officials to prepare a "Martinez report." (See Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978).) On October 30, 1992, the report was filed. Defendants filed a motion to dismiss on that date. Plaintiff did not file a timely response to defendants' motion. On November 23, 1992, the magistrate judge issued his report and recommendation in which he concluded that the action was frivolous and recommended dismissal under 28 U.S.C.1915(d).
 
 
 5
 On November 24, 1992, plaintiff filed a motion for extension of time to respond to defendants' motion to dismiss, but the magistrate judge ordered this paper stricken because it was not signed, as required by Fed.R.Civ.P. 11, and did not include a certificate of service. On December 9, 1992, the district judge entered an order adopting the report and recommendation of the magistrate judge and dismissing the action. This order noted that plaintiff had not corrected the deficiencies noted in his motion for extension of time, nor had he objected to the findings and recommendation of the magistrate judge within the time allowed. (Plaintiff's objections to the report and recommendation had been due on December 7.) Thus, although both the magistrate judge and the district judge specifically noted plaintiff's procedural shortcomings, it appears that each nonetheless ruled in favor of defendants not on that basis but on the merits.
 
 
 6
 As a threshold matter, we note that plaintiff's failure to object to the magistrate judge's report and recommendation made under 28 U.S.C. 636(b)(1)(B) does not constitute a waiver of his right of appeal to this court from the district court's judgment in this case. We have held that it would be unfair to enforce a waiver rule against a pro se litigant unless the magistrate judge's report and recommendation expressly informed the litigant that failure to object would waive review by the court of appeals. Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991); accord Fero v. Kerby, 39 F.3d 1462, 1477 (10th Cir.1994), petition for cert. filed, --- U.S.L.W. ---- (U.S. Jan. 26, 1995) (No. 94-7904); Hardiman v. Reynolds, 971 F.2d 500, 505 (10th Cir.1992). Because the magistrate judge's report and recommendation here did not include such a warning, we will review the district court's judgment.
 
 
 7
 Several aspects of the district court's judgment and the magistrate judge's report and recommendation are troubling in our view. First, the magistrate judge clearly considered the Martinez report and so should have given notice that the motion to dismiss was to be treated as a motion for summary judgment. Fed.R.Civ.P. 12(b). Although plaintiff failed to respond in a timely manner to the motion to dismiss, it would be unfair to speculate how he would have proceeded if he had had the required notice that matters outside the pleadings would be received and considered by the court.
 
 
 8
 We are also concerned by the magistrate judge's failure to treat the issue as to whether plaintiff's alleged religious convictions were sincerely held. In Longstreth, we cautioned that "factual findings of the prison administrative officials may not be substituted for fact finding by the court on disputed facts." 961 F.2d at 902. From the record before us, it appears that the magistrate judge failed to heed this admonition and relied solely on the officials' finding rather than considering whether a genuine issue of fact was raised as to plaintiff's sincerity in his religious beliefs. We are aware that the complaint in this case was inartfully drawn, even for a pro se litigant. Nevertheless, we have previously held that a complaint based on personal knowledge and verified under penalty of perjury, as is the case here, may be treated as an affidavit. See Mosier v. Maynard, 937 F.2d at 1524; Fed.R.Civ.P. 56(e); and 28 U.S.C. 1746. Plaintiff's verified statement asserted, inter alia, the sincerity of his religious belief; that proof thereof had been given to the DOC by writing and submitting an essay thereon; and that his right to grow a beard has been recognized as derived from religious convictions. Applying the appropriate standards for summary judgment, the defendants could not properly have been awarded summary judgment in the face of plaintiff's showing by his verified complaint which, on the present record, does create a genuine issue of material fact.
 
 
 9
 Finally, we note that the judgment, by adopting the magistrate judge's report and recommendation, alternatively held that defendants were entitled to immunity because "it appears" that plaintiff sued the defendants in their official capacities. We think the premise of this holding reflects a failure to give the pro se complaint the liberal construction that is required. At this point we express no view on the merits of the defendants' claim to immunity, although we do note that the authority cited by the magistrate judge to support his proposed ruling on that issue does not address immunity from claims for injunctive relief.
 
 
 10
 REVERSED and REMANDED for further proceedings consistent with this order and judgment.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Honorable Monti L. Belot, United States District Judge for the District of Kansas, sitting by designation