43 F.3d 1483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rocky Don NITZEL, Plaintiff-Appellant,
v.
R. Michael PARSONS, R. Michael Cody, Larry Fields, Phil
Gilstrap, Susan Gilbert, Paul Bettes, Brent
Crousse, Defendants-Appellees.
 No. 94-6092.
 United States Court of Appeals, Tenth Circuit.
 Dec. 13, 1994.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Nitzel, a state inmate and pro se litigant, filed this civil rights action asserting he should be allowed to grow his facial and head hair long in order to "be more acceptable in the eyes of God." The complaint was an attack upon the grooming code. The essence of the grooming code was that each inmate could not grow long hair unless an exemption was received. The grooming code created a three-person exemption committee which included the assistant head of the facility and the chaplain. An exemption could be granted if the committee found "the inmate's personal [religious] belief is sincere and meaningful." Mr. Nitzel's request for an exemption to the grooming code was denied as he identified his religion as "Christian with interest in Jewish, Catholic and Mormons." Mr. Nitzel asked for injunctive relief and counsel.
 
 
 3
 The Magistrate Judge took judicial notice of a similar case (Peters v. Cody, et al., CIV-93-1459-L) then pending in district court. In that case, the state defendants informed the Court the grooming code had been rescinded and recommended the case be dismissed as moot. Mr. Nitzel objected to the Magistrate Judge's reliance on that case stating mere allegations by the defendants are inadequate.
 
 
 4
 The Magistrate Judge then examined an affidavit filed in another pending case. This affidavit was purportedly filed by the Warden and stated that inmates were no longer required to cut their hair or refrain from growing facial hair. The Magistrate Judge's findings were reduced to a supplemental report with a recommendation to the district court to dismiss Mr. Nitzel's case as moot and to procedurally treat it as a summary judgment. The report informed Mr. Nitzel of the consequences of a failure to object. No objection was filed by Mr. Nitzel.
 
 
 5
 The district court, relying in part upon Mr. Nizel's failure to object, dismissed the case as moot.
 
 
 6
 Mr. Nitzel appeals this decision asserting that defendants presented no proof their unconstitutional actions would not be repeated and asserted defendants had dropped the grooming code and reinstated it three times in the past. The Attorney General of the State of Oklahoma has responded to Mr. Nitzel's brief with an assurance that the Department of Corrections has rescinded its grooming code and replaced it with a personal hygiene code.
 
 
 7
 When an inmate seeks injunctive relief regarding allegedly unconstitutional prison conditions, the claim is moot if the inmate is no longer subject to those conditions and the condition is not of the variety capable of repetition yet evading review. The record on appeal clearly demonstrates Mr. Nitzel was no longer subjected to the length of hair grooming code rule.
 
 
 8
 Mr. Nitzel also asserts the district court abused its discretion in not advising him or allowing him to amend his complaint and in failing to state whether the cause was dismissed with or without prejudice. We do not consider these issues as Mr. Nitzel failed to object to the supplemental Magistrate Judge's report and the Magistrate Judge's report made the consequences of such failure clear. A failure to object is a waiver of those issues. See Hardiman v. Reynolds, 971 F.2d 500, 505 (10th Cir.1992) (relying on Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991)).
 
 
 9
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470