BALDOCK, Circuit Judge,
dissenting.
Principles of comity and federalism demand that a federal habeas petitioner timely raise his federal constitutional claims in state court with sufficient specificity to allow the state court a fair opportunity to consider those claims in the first instance. E.g., Picard v. Connor, 404 U.S. 270, 278, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (holding that “the substance of a federal habeas corpus claim must first be presented to the state courts.”). Provided that an “adequate and independent” state-law procedural basis justifies the habeas petitioner’s continuing state detention, a petitioner who fails to timely raise such claims in state court is procedurally barred from subsequently raising those same claims in federal court, unless he can “demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.” Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).
Proper application of these legal principles to the record facts of this case compels the conclusion that Petitioner has procedurally defaulted his claim he received ineffective assistance of trial counsel when, in March 1992, he pled guilty to first degree murder as a result of counsel’s advice regarding his parole eligibility. In its haste to reach the merits of Petitioner’s ineffective assistance of counsel claim, however, the court foregoes proper application of these longstanding principles because, according to the court, Petitioner raised this claim in his first application for state post-conviction relief. I disagree, and dissent.[1]
My review of the record reveals that Petitioner’s February 5, 1993 “Application to Appeal Out of Time,” which the court properly construes as a first application for state post-conviction relief, Court’s Op. at 923, failed to “fairly present” his claim *927 of ineffective assistance of counsel based on counsel’s advice regarding Petitioner’s parole eligibility. See Smallwood v. Gibson, 191 F.3d 1257, 1266-69 (10th Cir.1999), petition for cert. filed (U.S. March 9, 2000) (No. 99-9445) (applying procedural bar where petitioner failed in his first application for state post-conviction relief to provide state courts with the factual basis for his federal ineffective assistance of counsel claim). Nor did Petitioner raise this claim in his second application filed April 26, 1993. See Court’s Op. at 923.
After multiple state filings, Petitioner finally raised his present ineffective assistance of counsel claim before the state courts for the first time in March 1997, five years after his guilty plea. Both the Oklahoma State District Court and Court of Criminal Appeals denied Petitioner’s ineffective assistance of counsel claim as procedurally barred. See Aplt’s App. at 114— 124. Because the Oklahoma state courts never had a timely opportunity to consider Petitioner’s ineffective assistance of counsel claim, and now deem it procedurally barred, see Okla. Stat. Ann. tit. 22, § 1086 (West 1986), the district court properly held that Petitioner was procedurally barred from raising it in a § 2254 petition.[2] See Moore v. Reynolds, 153 F.3d 1086, 1096-97 (10th Cir.1998), cert. denied, 526 U.S. 1025, 119 S.Ct. 1266, 143 L.Ed.2d 362 (1999) (petitioner’s failure to raise ineffective assistance of counsel claims until his second application for state post-conviction relief precluded federal habeas review of those claims). See also Medlock v. Ward, 200 F.3d 1314, 1323 (10th Cir.2000) (recognizing that Oklahoma’s procedural rule barring claims not raised in a first state post-conviction petition is independent and adequate).
In his first application submitted February 1993, Petitioner set forth nine “propositions” of error which allegedly entitled him to an appeal out of time. Aplt’s App. at 27-28. Proposition eight addresses trial counsel’s performance: “The totality of the absence of attorney’s performance rendered his assistance totally deficient and the conviction was rendered in violation of the sixth amendment.” Id. at 28. Why Petitioner believed counsel’s performance was deficient is anybody’s guess. The possible reasons are endless and the Oklahoma state courts were not required to surmise what those reasons might be.
A claim is “fairly presented” to the state courts only if a petitioner describes the operative facts and legal theories on which he bases his claim. Otherwise, the state courts have no “fair opportunity” to consider the claim. As Judge Henry recently explained for our court:
“Fair presentation” of a prisoner’s claim to the state courts means that the substance of the claim must be raised there. The prisoner’s allegations and supporting evidence must offer the state courts “a ‘fair opportunity’ to apply controlling legal principles to the facts bearing upon his constitutional claim.” Therefore, although a habeas petitioner will be allowed to present “ ‘bits of evidence’ ” to a federal court that were not presented to the state court that first considered his claim, evidence that places the claims in a significantly different legal posture must first be presented to the state courts.
*928 Demarest v. Price, 130 F.3d 922, 932 (10th Cir.1997) (citations omitted).
None of Petitioner’s arguments in his February 1993 application even remotely refer to trial counsel’s improper advice regarding Petitioner’s parole eligibility. The only factual references to his trial counsel’s performance in the eight page document pertain to counsel’s failure to appeal a “question of law” involving nonverbal communications between a husband and wife in the presence of a six-year-old child. On appeal, Petitioner doesn’t even argue he raised his claim of ineffective assistance of counsel in his February 1993 application. Nor does he set forth sufficient cause for his default. Instead, he argues a miscarriage of justice would result from our failure to address his claim.[3] Nonetheless, this court sets a dangerous precedent for federal-state relations by concluding sua sponte that Petitioner preserved his claim by raising it in his February 1993 application.
This court dismisses the application’s lack of specificity because “[n]either the [Oklahoma] district court nor the OCCA would rule on the merits of Mr. Beavers’ ineffective assistance claim based upon his appeal out of time motion.” Court’s Op. at 924. In other words, the court concludes that Petitioner’s failure to specify the factual basis of his claim in his first application is of no consequence. Why then does the court require Petitioner to even mention his ineffective assistance of counsel claim in his application at all? Given the court’s reasoning, such a requirement appears to be an unnecessary formality.
The court’s reasoning is circular. To justify reaching the merits of Petitioner’s claim, the court first concludes that Petitioner’s application constituted a petition for state post-conviction relief. Then, to avoid application of the “fair presentation” doctrine, the court concludes that the petition’s cursory allegations are sufficient because really the petition was an application for an appeal out of time. In this context, the court suggests that “a more detailed factual account of the ineffective assistance claim in the first application would have been futile because the appeal-out-of-time issue is decided on the basis of fault, not on the merits of the claim sought to be advanced.” Court’s Op. at 924 n. 3. If this is so, why does the court require Petitioner to raise an ineffective assistance of counsel claim in his application at all since surely to do so was futile as well?
Based on the foregoing, it is painfully apparent that the question in this case is not, as this court suggests, whether the Oklahoma state courts would rule on the merits of Petitioner’s ineffective assistance of counsel claim, but rather whether Petitioner “fairly presented” his claim to the state courts in a timely manner, thus providing our state brethren a “fair opportunity” to consider it consistent with principles of comity and federalism. Plainly, Oklahoma law required Petitioner to set forth the factual basis for his claim in his February 1993 application. Under Smith v. State, 611 P.2d 276, 277 (Okla.Crim.App. 1980), the proper procedure for Petitioner to seek an appeal out of time was to file an application for post-conviction relief in the state trial court. The form of application for post-conviction relief applicable to Petitioner’s case is set forth in Okla. R.Crim.App. 5.4 (West 1986) (superceded by Okla. R.Crim.App. Form 13.11 (West Supp. 2000)). This form plainly required the Petitioner to set forth his ineffective assistance of counsel claim in factual detail.[4]
*929 “Whenever a federal court grants habe-as relief to a state prisoner the issuance of the writ exacts great costs to the State’s legitimate interests in finality.” Wood v. Bartholomew, 516 U.S. 1, 8, 116 S.Ct. 7, 133 L.Ed.2d 1 (1995) (per curiam). The longer the period between trial and retrial, the greater the costs and burdens. Id. Today, this court ignores the “important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them.” Coleman, 501 U.S. at 750, 111 S.Ct. 2546.
Over eight years after Petitioner pled guilty to first degree murder, this court tells the district court to conduct an evi-dentiary hearing into Petitioner’s ineffective assistance of counsel claim even though an independent and adequate state procedural ground bars Petitioner from pursuing this claim in state court. See Moore, 153 F.3d at 1096-97. See also Coleman, 501 U.S. at 732, 111 S.Ct. 2546 (“The independent and adequate state ground doctrine ensures that the States’ interest in correcting their own mistakes is respected in all federal habeas cases.”). “No procedural principle is more familiar [or well established] ... than that a constitutional right may be forfeited in criminal ... cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.” Yakus v. United States, 321 U.S. 414, 444, 64 S.Ct. 660, 88 L.Ed. 834 (1944).
Because (1) Petitioner failed to fairly present his claim of ineffective assistance of counsel to the Oklahoma state courts in his first application for state post-conviction relief, and (2) the Oklahoma state courts consider Petitioner procedurally barred from raising his claim in a successive application, he likewise is procedurally barred from asserting that claim in federal court. See Moore, 153 F.3d at 1096-97. The district court got it right the first time. Accordingly, I would affirm the judgment of the district court in all respects.

. This court has viewed with skepticism Oklahoma's state procedural rule barring ineffective assistance of trial counsel claims not raised on direct appeal. See Miller v. Champion, 161 F.3d 1249, 1252 (10th Cir.1998). Perhaps this explains why the State does not argue that Petitioner has foregone his right to assert his ineffective assistance claim by failing to raise it on direct appeal. Rather, the State argues procedural default based only on Petitioner's failure to raise this claim in his first application for state post-conviction relief. While the court could address sua sponte the question of Petitioner’s possible procedural default resulting from his failure to effect a direct appeal, see Hardiman v. Reynolds, 971 F.2d 500, 502-05 (10th Cir.1992), it apparently exercises its discretion not to do so. See id. at 504 (holding that a court may raise a state procedural bar defense sua sponte, but need not do so).

. Because Petitioner eventually raised his present ineffective assistance of counsel claim in the Oklahoma state courts, he has exhausted his state remedies as to this claim as required by 28 U.S.C. § 2254(b)(1)(A). See Edwards v. Carpenter, - U.S. -, 120 S.Ct. 1587, 1592, 146 L.Ed.2d 518 (2000) (where a petitioner presents his claim to the state court in a manner such that the state court will not reach it under its own procedural rules, petitioner has exhausted his state remedies); Coleman, 501 U.S. at 732, 111 S.Ct. 2546 (“A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him.”). See generally Bailey v. Nagle, 172 F.3d 1299, 1306-07 (11th Cir.1999) (Carnes, J., concurring) (explaining the related doctrines of exhaustion and procedural bar).

. The fundamental miscarriage of justice exception is available only where a petitioner provides the court with a colorable showing of factual innocence. Herrera v. Collins, 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). Petitioner makes no such showing in this case.

. The court’s suggestion that Petitioner had no opportunity to develop his present ineffective assistance of counsel claim in his first application for post conviction relief is incorrect. See Court's Op. at 924. As a basis for his failure to timely appeal his conviction, Petitioner could have easily stated he didn't appeal because his counsel advised him he *929 would be eligible for parol in ten to twelve years, rather than the twenty years he now claims. Petitioner could have just as easily attached his counsel’s affidavit in support of his claim. See Aplt’s App. at 94-95.