**F I L E D**

**UNITED STATES COURT OF APPEALS**

**JUL 9 2002**

**TENTH CIRCUIT**

STEVEN W. KIRK,

      Petitioner - Appellant,

      v.

MIKE MULLIN, Warden, Oklahoma
State Penitentiary,

      Respondent - Appellee.

No. 01-6442
(D. Ct. No. 01-CV-685-L)
(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **EBEL**, and **LUCERO,** Circuit Judges.

      After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

      This appeal is from an order of the district court dismissing petitioner's petition filed pursuant to 28 U.S.C. § 2254 on the grounds that the petition was filed untimely.

---

      [*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner is a state prisoner in Oklahoma. He brought this action *pro se* pursuant to 28 U.S.C. § 2254 alleging that his life sentence without parole is an indeterminate sentence and is vague and inconclusive. The magistrate judge reviewed the petition and *sua sponte* raised the issue of timeliness of the filing of the petition. It is clear that the magistrate judge had the power to raise the timeliness question *sua sponte*. *Hardiman v. Reynolds*, 971 F.2d 500, 502-04 (10th Cir. 1992).

The magistrate judge carefully considered the timeliness issue. Section 2244(d)(1) requires that an application for a writ of habeas corpus filed by a person in custody pursuant to a state judgment must be brought within one year, running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner entered his plea of *nolo contendere* on March 28, 1996. After attempts to withdraw that plea, petitioner was ultimately successful in the Oklahoma Court of Criminal Appeals where a writ of mandamus was granted compelling the district court to

hold a hearing on his motion to withdraw his plea of *nolo contendere*. The district court after that hearing denied the motion to withdraw the plea. Petitioner instituted a certiorari appeal of that order to the Oklahoma Court of Criminal Appeals. On his own motion petitioner later moved the Oklahoma Court of Criminal Appeals to allow him to withdraw the appeal. That motion was granted. The appeal was dismissed on September 29, 1997.

The magistrate judge correctly observed that a conviction in the state courts of Oklahoma becomes final, and the one year statute of limitations begins to run from the date the Oklahoma Court of Criminal Appeals affirms the conviction and the Supreme Court has denied review of a petition for writ of certiorari, or, if no petition is filed, the ninety days within which the petition could have been filed has expired. *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001). This petitioner never filed a petition for writ of certiorari with the Supreme Court. Even if such a petition had been filed, petitioner would have had the additional benefit of another ninety days to file a petition for certiorari with the United States Supreme Court. Thus, he had only until December 29, 1998, to bring his petition for a writ of habeas corpus. The petition was filed on February 14, 2001. The petition is clearly untimely under § 2254(d)(1)(A).

The only circumstance under which the limitation may be lifted is when the petitioner has alleged circumstances that would make the limitation period subject to equitable tolling. Petitioner in this case has presented no facts to show that the doctrine of equitable tolling should be applied. We agree with the district court that the

conclusions of the magistrate judge are well supported by the record and controlling authorities and that the allegations do not provide a valid basis for tolling the statutory period for filing this petitioner's claim for a federal writ of habeas corpus. We therefore affirm the order of the district court dismissing the petition. We grant petitioner's application to proceed *in forma pauperis.* We deny a certificate of appealability.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge