**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| DALE LEE RUSH, | |
| Petitioner - Appellant, | No. 05-4133 |
| v. | D. Utah |
| CLINT FRIEL, Warden; STATE OF UTAH, | (D.C. No. 2:04-CV-378-DB) |
| Respondents - Appellees. | |

**ORDER**

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Dale Lee Rush was sentenced in Utah state court on December 17, 2001, after being convicted by a jury on five counts relating to sexual abuse of a child. On April 28, 2004, he filed a *pro se* application under 28 U.S.C. § 2254 in the United States District Court for the District of Utah, alleging constitutional violations stemming from bad faith by the prosecution, multiplicitous charges arising out of the same criminal episode, ineffective assistance of counsel, and improper instructions. The district court denied the petition on the ground of procedural default. Mr. Rush now seeks a certificate of appealability (COA), *see* 28 U.S.C. § 2253(c)(1) (requiring COA), from this court. We deny a COA.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, in order for us to grant Mr. Rush a COA we must conclude that both the district court's application of the procedural default doctrine and the merit of Mr. Rush's substantive constitutional claims are debatable among jurists. Because the district court properly found procedural default, we need not address the substantive claims.

Mr. Rush appealed his convictions to the Utah Court of Appeals, claiming ineffective assistance of counsel and improper instructions. The court affirmed his convictions on May 22, 2003. Ten months later, on March 23, 2004, Mr. Rush filed a "notice of appeal" with the Utah Supreme Court, raising the same issues as

those in his § 2254 application. The court construed the filing as a petition for writ of certiorari and rejected it for lack of jurisdiction because it was untimely. Under the Utah Rules of Appellate Procedure, the Supreme Court does not have discretion to hear any case in which the petition for certiorari is filed more than 30 days after the decision by the Court of Appeals unless a motion for extension of time is filed within 30 days after the expiration of the prescribed period. *See* Utah R. App. P. 48(a), (e). Mr. Rush did not file a state habeas corpus petition.

Before filing a habeas corpus petition in federal court, an applicant is generally required to exhaust all remedies available in the state-court system. *See* 28 U.S.C. § 2254(b)(1)(A). An applicant "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This includes discretionary review by the state supreme court. *Id*.

Mr. Rush's untimely appeal to the Utah Supreme Court resulted in that court's never hearing his constitutional claims, so they are unexhausted. *See Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (exhaustion requires that claims be *properly presented* to the highest state court). But he would be barred from relief if he were to return to state court to exhaust his claims. Under the Utah Post-Conviction Remedies Act, Mr. Rush is barred from

relief upon any ground that "was raised or addressed at trial or on appeal" or "could have been but was not raised at trial or on appeal." Utah Code Ann. § 78-35a-106(1)(b)-(c) (2005). In this circumstance we treat his claims as exhausted but procedurally defaulted for purposes of federal habeas relief. *See Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000). When the claim would be "defaulted in state court on an independent and adequate state procedural ground[, we will not consider it] unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Id.* (internal quotation marks omitted).

The federal magistrate judge issued an order for Mr. Rush to show cause why his case should not be dismissed as procedurally defaulted. But Mr. Rush's response failed to point to any cause for his default in state court. Although ineffective assistance of appellate counsel may constitute cause, Mr. Rush's only claim of ineffective assistance in this case rests on *trial* counsel's failure to object to allegedly multiplicitous charges. He made no assertion that a deficiency of counsel caused his failure to file a timely petition with the Utah Supreme Court. He merely asserted that the circumstances giving rise to his substantive claims of ineffective assistance and double jeopardy satisfied "cause and prejudice." He relied on the same basis to show a "fundamental miscarriage of justice," but he failed to present any evidence, much less new evidence that was unavailable at

the time of trial, of his factual innocence. *See Calderon v. Thompson*, 523 U.S. 538, 559 (1998) ("The miscarriage of justice exception is concerned with actual as compared to legal innocence. . . . To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial" (brackets and internal quotation marks omitted)). Accordingly, the district court dismissed Mr. Rush's claims as procedurally defaulted. The district court's application of the procedural-default doctrine was not debatable; therefore, we need not address the merits of Mr. Rush's substantive claims.

Mr. Rush makes an additional argument, not addressed by the district court, that we should intervene under the "bad faith" exception to federal abstention from interference with state prosecutions. *See Younger v. Harris*, 401 U.S. 37, 49 (1971). *Younger*, however, relates only to the circumstances under which a federal court may enjoin an active state prosecution. Here, Mr. Rush is neither seeking an injunction nor is he the subject of an active prosecution—he has already been convicted by a jury. This argument is without merit.

Mr. Rush also asserts that the state has waived its procedural-default defense because of its failure to raise and brief it before the district court. We may consider state procedural default *sua sponte*, however, so long as the applicant was afforded an opportunity to respond to the defense. *Hardiman v. Reynolds*, 971 F.2d 500, 501 (10th Cir. 1992) Such an opportunity was given to

Mr. Rush by the magistrate judge, so there was no error in the district court's decision.

For the foregoing reasons, we DENY Mr. Rush's application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge