FILED
United States Court of Appeals
Tenth Circuit

February 9, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ALONIA MARION THREAT,

Petitioner-Appellant,

v.

DONNA LAYMON, Warden,

Respondent-Appellee.

No. 08-6164
(D.C. No. 5:08-CV-00158-HE)
(W.D. Okla.)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**

Before **LUCERO**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Alonia Marion Threat, an Oklahoma state prisoner proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. Because the district court denied Threat a certificate of appealability ("COA"), he may not appeal the district court's decision absent the grant of a COA by this court. § 2253(c)(1)(A). For substantially the same reasons set forth by the district court, we deny a COA and dismiss the appeal.[1]

---

[1] Although Threat did not apply to this court for a COA, we construe his notice of appeal as a renewed application for a COA. Fed. R. App. P. 22(b)(2).

**I**

Threat is currently serving concurrent sentences arising out of his 2002 and 2005 Oklahoma state convictions for possession of a controlled dangerous substance, each of which was imposed after a plea of guilty. At sentencing for the 2005 conviction, both sentences were suspended on the condition that Threat participate in Oklahoma's Drug Court Treatment Program. In December 2006, however, the state filed an application to revoke the suspension of Threat's sentences. A revocation hearing was held on February 21, 2007. Upon the district court's conclusion that he had violated the terms of the Drug Court Treatment Program, he was sentenced to fifteen years' imprisonment for his 2005 conviction, to run concurrently with the remaining term of his 2002 sentence. Threat did not appeal the revocation to the Oklahoma Court of Criminal Appeals ("OCCA").

On March 8, 2007, Threat filed a pro se motion in state district court to withdraw his 2002 and 2005 guilty pleas. At a March 28 hearing, represented by new counsel, Threat testified that he did not understand the consequences of the pleas at the time he entered them, and was under the influence of blood pressure medication that made him dizzy and drowsy at the time of the 2005 plea. The district court denied Threat's motion, and again, he did not appeal to the OCCA.

Threat then filed an application for post-conviction relief in the state district court. He raised three grounds for relief: (1) the state's application for

revocation of his suspended sentences violated his due process rights because it failed to give adequate notice of the grounds for revocation, (2) the prosecutor violated his rights by failing to give notice of the same, and (3) he received ineffective assistance of counsel at the revocation proceedings. The court denied his application on procedural grounds, concluding that he had waived these arguments by failing to raise them on direct appeal. Threat appealed to the OCCA, raising the same grounds and adding a fourth: that the cumulative effect of the alleged errors violated his right to due process. The OCCA affirmed based on Threat's failure to pursue a direct appeal, adding that Threat did not allege that this failure occurred through no fault of his own.

On February 14, 2008, Threat filed a 28 U.S.C. § 2254 petition for writ of habeas corpus in United States District Court for the Western District of Oklahoma. In his petition, Threat raised the same four claims asserted in his appeal to the OCCA and additionally claimed that counsel at his plea withdrawal hearing was ineffective for failing to consult him regarding an appeal of the court's denial of his motion to withdraw. After the state filed a response brief arguing that his claims were procedurally barred because they were not asserted on direct appeal, Threat filed a reply in which he argued for the first time that a transcript of the "March 28, 2007 revocation proceeding"[2] would vindicate his

---

[2] Because Threat's revocation hearing actually occurred on February 21, 2007, whereas his plea withdrawal hearing took place on March 28, it is not clear
(continued...)

claim that he was not afforded the right to appeal, thereby excusing him from the operation of the procedural bar.

Because the OCCA's denial was premised upon an independent and adequate state ground, the district court adopted the magistrate's recommendation and denied Threat's petition as procedurally barred on all grounds other than ineffective assistance of counsel. On the ineffective assistance of counsel claim, the magistrate determined that neither counsel at Threat's February 21, 2007, revocation hearing, nor counsel at his March 28, 2007, plea withdrawal hearing, was ineffective. The district court also noted that, to the extent Threat's reply raised a new claim arising from the lack of a transcript of his revocation hearing, the claim was waived because he had not included it in his habeas petition or attempted to amend the petition to do so.

**II**

Threat now seeks a COA from this court. Liberally construing his petition, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we discern two issues. First, he argues that Oklahoma's procedural bar for issues not raised on direct appeal should not be applied to him because he was not on notice of his right to appeal.[3]

---

[2](...continued)
to which hearing he is referring. The record includes a transcript of the March 28 hearing, but not the February 21 hearing. At any rate, given our disposition of this appeal, it is irrelevant which transcript Threat intended to seek.

[3] Threat does not appeal the district court's determination regarding his
(continued...)

- 4 -

Second, he argues that the state prevented him from showing lack of notice because it failed to supply him with transcripts of his state court proceedings.

When a district court dismisses a state prisoner's § 2254 habeas petition on procedural grounds without reaching the merits of the prisoner's constitutional claims, this court will grant a COA only if two conditions are met. First, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Second, the petitioner must demonstrate that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.; accord Laurson v. Leyba, 507 F.3d 1230, 1232 (10th Cir. 2007). In such circumstances, no appeal is warranted. Slack, 529 U.S. at 484.

Threat cannot show that the district court's procedural ruling was incorrect. See id. at 485 (habeas courts are "allow[ed] and encourage[d] . . . to first resolve procedural issues"). Oklahoma's rule barring post-conviction relief for claims that could have been raised on direct appeal constitutes an independent and

[3](...continued)
direct ineffective assistance of counsel claims, but he does argue that ineffective assistance was a cause of his failure to appeal.

adequate state ground barring habeas review.  McCracken v. Gibson, 268 F.3d 970, 976 (10th Cir. 2001).  Federal courts should invoke the bar "unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice."  Id. (quotation omitted).  Threat asserts that neither counsel nor the court placed him on notice of his right to appeal during or after his plea withdrawal hearing, and argues that this failure constitutes cause for his default.  We disagree.

While "it is generally true that a criminal defendant has no right to notice of his right to appeal a guilty plea," Hardiman v. Reynolds, 971 F.2d 500, 506 (10th Cir. 1992), in some circumstances counsel may have a duty to inform the defendant of that right.[4]  "A habeas petitioner may establish cause for his procedural default by showing that he received ineffective assistance of counsel in violation of the Sixth Amendment."  Banks v. Reynolds, 54 F.3d 1508, 1514 (10th Cir. 1995).  Counsel may be ineffective for failing to consult a client about an appeal only "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."  Roe v. Flores-Ortega, 528 U.S. 470, 480

_____

[4] We note that both Threat and the state district judge signed a "summary of facts" at his revocation hearing, and this summary included a section entitled "Notice of Right to Appeal" that carefully explained the procedure for appealing to the OCCA.

(2000). For the reasons given by the district court below, Threat cannot show either a nonfrivolous ground for appeal or that he reasonably demonstrated an interest in appealing. Accordingly, he has not shown cause for his failure to directly appeal his conviction.

In light of this conclusion, Threat's claim that he has a right to transcripts of his state court proceedings also cannot support relief. Because we have concluded that the state procedural bar applies even if Threat is correct that neither counsel nor the court spoke to him about an appeal, any evidence supporting this claim in the transcripts would not entitle him to relief. Thus, reasonable jurists would agree that Oklahoma's procedural bar against claims not raised on direct appeal was correctly invoked by the district court as an independent and adequate state ground to sustain Threat's conviction.

## III

For the reasons set forth above, Threat's request for a COA is **DENIED** and this appeal is **DISMISSED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge