FILED
United States Court of Appeals
Tenth Circuit

February 26, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KEISHA DESHON GLOVER,

Petitioner - Appellant,

v.

MILLICENT NEWTON-EMBRY,
Warden; JUSTIN JONES, Director;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

Respondents - Appellees.

No. 09-6165

(W.D. Oklahoma)

(D.C. No. 5:07-CV-00282-M)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **HARTZ**, **SEYMOUR**, and **EBEL**, Circuit Judges.

Keisha Deshon Glover, appearing pro se here as in the district court, was

convicted in Oklahoma state court of second-degree murder. She filed an

application for relief under 28 U.S.C. § 2254 in the United States District Court

for the Western District of Oklahoma. The court denied her application. *See*

*Glover v. Newton-Embry*, No. CIV-07-282-M, 2009 WL 2413925 (W.D. Okla.

2009). She now seeks a certificate of appealability (COA) from this court to

appeal the denial. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal

denial of § 2254 application). Because no reasonable jurist could debate whether

Ms. Glover's application ought to have been granted, we deny her request for a COA.

## I.    BACKGROUND

On June 26, 2001, Ms. Glover was charged with stabbing and killing her husband, Phillip Davis. After Ms. Glover's initial conviction but before sentencing, defense counsel filed an application to determine her competency and moved for a new trial on the ground of newly discovered evidence. The court-ordered psychological evaluation found that Ms. Glover had mild mental retardation. At a postevaluation hearing the trial court concluded that she was competent; but it granted her motion for a new trial and, later, her motion for a second competency determination. A trial was conducted on Ms. Glover's competency, and the jury found that she was not incompetent to undergo further criminal proceedings.

After a second criminal trial Ms. Glover was convicted of second-degree murder and sentenced to life imprisonment. She appealed this conviction to the Oklahoma Court of Criminal Appeals (OCCA), claiming (1) that errors and procedural irregularities in the competency trial denied her procedural and substantive due process; (2) that the jury instructions at the competency trial did not adequately explain the criteria for a finding of incompetence; (3) that the improper admission of other-crimes evidence at her second criminal trial denied her a fair trial; (4) that testimonial hearsay was admitted in violation of *Crawford*

*v. Washington*, 541 U.S. 36 (2004); (5) that expert testimony on the veracity of her defense exceeded the scope of permissible opinion evidence and denied her a fair trial; (6) that the state recreated the crime scene without proper foundation or instruction, denying her a fair trial; (7) that the life sentence was excessive under the federal and state constitutions; and (8) that cumulative error warranted a new trial or sentence modification. The OCCA affirmed her conviction and sentence. Later it denied her petition for rehearing.

In her § 2254 application Ms. Glover raised the same eight challenges. The district court, adopting the magistrate judge's report and recommendation, denied her application. She now seeks a COA on grounds identical to those presented to the OCCA and the district court.

## II. DISCUSSION

### A. Standard of Review

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must

-3-

show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). As we have explained:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets and internal quotation marks omitted). Relief is provided under the "unreasonable application" clause "only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (brackets and internal quotation marks omitted). Thus, a federal court may not issue a habeas writ simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *See id.* Rather,

that application must have been unreasonable. Therefore, for those of Ms. Glover's claims that the OCCA adjudicated on the merits, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [her] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

No reasonable jurist could debate the correctness of the magistrate judge's well-supported and well-reasoned report and recommendation. We do, however, expand upon its analysis of Ms. Glover's claim that Officer Jeff Phelps's testimony was inadmissible under *Crawford*.

### B. *Crawford* **Challenge**

Ms. Glover alleges that admission of testimonial hearsay during Phelps's testimony violated her right to confrontation. The Confrontation Clause of the Sixth Amendment guarantees a criminal defendant the right "to be confronted with the witnesses against him." In *Crawford* the Supreme Court held that the Confrontation Clause bars the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." 541 U.S. at 53–54.

At trial, Phelps, an Oklahoma City police officer, recounted an incident involving Ms. Glover and Davis on September 9, 1994, apparently to rebut Ms. Glover's claim that she had not intentionally killed him but had accidentally stabbed him while responding to an attack by him against her. On the occasion of

the earlier incident, Phelps spoke with Davis at about 9 a.m.  Davis told Phelps that he had split up with Ms. Glover and she had kicked him out of her apartment. When he left to stay with his brother, he took some food stamps and a gun.  She came to his brother's apartment at 6 a.m. to get food stamps.  According to Davis, she stabbed him in the arm when he opened the door.  Phelps then interviewed Ms. Glover.  She said that she had gone to the apartment to get food stamps for herself and her child when they started arguing and he pulled a gun on her. Ms. Glover had a small cut on her leg.  She said that she did not know what had happened to Davis's arm and that he had stabbed her.

In reviewing Ms. Glover's confrontation claim, the OCCA said that Davis's statements "were most likely 'testimonial hearsay' that *could have* been excluded under *Crawford*[]."  R., Vol. 1 Part 2 at 170.  But, it continued,

> [Ms. Glover] raised no hearsay objections during Officer Phelps's testimony.  It appears this was strategic as counsel cross-examined the officer at length about what was said, who said it, and what was done in response.  Under these circumstances, any error based upon testimonial hearsay has been waived, and there is no plain error.

*Id.*[1]

---

[1]Contrary to Ms. Glover's suggestion that her pretrial *Crawford* objection had preserved appellate review, the trial court did not actually decide the matter before trial.  Instead, it agreed with the state that the dispute over admissibility of Phelps's testimony was "premature" and could be "take[n] . . . up in camera if and when we get there."  R., Vol. 2 Tr. of Mots. Sept. 30 & Oct. 4, 2004, at 123. The trial transcript shows that defense counsel made no hearsay objections during Phelps's testimony.

When a state court reviews for plain error an issue forfeited for lack of trial objection, federal habeas review may be procedurally barred. *See Cargle v. Mullin*, 317 F.3d 1196, 1205–06 (10th Cir. 2003). Although in district court the state did not raise a procedural-bar defense, we have discretion to consider this issue sua sponte. *See Hardiman v. Reynolds*, 971 F.2d 500, 503–04 (10th Cir. 1992). Under the procedural-bar doctrine, "[c]laims that are defaulted in state court on adequate and independent state procedural grounds will not be considered by a habeas court, unless the [applicant] can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Fairchild v. Workman*, 579 F.3d 1134, 1141 (10th Cir. 2009) (internal quotation marks omitted).

We have previously explained that when a state court "den[ies] relief for what it recognizes or assumes to be federal error, because of the [applicant]'s failure to satisfy some independent state law predicate . . . , that non-merits predicate would constitute an independent state ground for decision which would warrant application of procedural-bar principles on federal habeas." *Cargle*, 317 F.3d at 1206. Although a state-court ruling denying relief based on a claim not preserved at trial *can* involve an antecedent ruling of federal law, *see Brecheen v. Reynolds*, 41 F.3d 1343, 1354 (10th Cir. 1994), that is not always the case. To determine whether the OCCA in fact decided a federal issue, we must look at "the substance of the plain-error disposition." *Cargle*, 317 F.3d at 1206. Here, the OCCA acknowledged that the challenged statements could likely have been

excluded under *Crawford*.  Therefore, its rejection of Ms. Glover's confrontation-clause claim must not have been on federal grounds.  Rather, it resolved the claim under a prong of plain-error review unrelated to the federal constitutional issue. *See Hogan v. State*, 139 P.3d 907, 923 (Okla. Crim. App. 2006) ("To be entitled to relief under the plain error doctrine, [the appellant] must prove:  1) the existence of an actual error (i.e., deviation from a legal rule); 2) that the error is plain or obvious; and 3) that the error affected his substantial rights, meaning the error affected the outcome of the proceeding.  If these elements are met, this Court will correct plain error only if the error seriously affects the fairness, integrity or public reputation of the judicial proceedings or otherwise represents a miscarriage of justice." (citation, brackets, and internal quotation marks omitted)).

Because the OCCA rejected Ms. Glover's confrontation-clause claim on an independent state ground, her claim is barred in federal court.  *See Cargle*, 317 F.3d at 1206.  This bar can be overcome only if she can show cause and prejudice or a fundamental miscarriage of justice.  *See Fairchild*, 579 F.3d at 1141.  But Ms. Glover has not suggested any cause for her attorneys' failure to object contemporaneously to Phelps's hearsay testimony.  Indeed, she has not raised in any court a claim of ineffective assistance of counsel.  Moreover, because Ms. Glover has not alleged that she is actually innocent of Davis's murder, she cannot show that application of the procedural bar would create a fundamental

miscarriage of justice.  *See Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000) (the fundamental-miscarriage-of-justice exception requires the applicant to "make a colorable showing of factual innocence.").

In our view, no reasonable jurist could debate the district court's denial of Ms. Glover's Confrontation Clause claim.

## III.  CONCLUSION

We DENY Ms. Glover's request for a COA and DISMISS the appeal.  We GRANT her motion for leave to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge