**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

FEB 1 2005

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

VICTOR RIVERA, JR.,

      Petitioner-Appellant,

v.

STEVEN BECK, Warden,

      Respondent-Appellee.

No. 04-6317

Western District of Oklahoma

(D.C. No. CV-04-808-C)

**ORDER** [*]

Before **EBEL**, **MURPHY**, and **McCONNELL**, Circuit Judges.

Victor Rivera Jr., a state prisoner proceeding *pro se*, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Rivera has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA, and we dismiss the appeal. 28 U.S.C. § 2253(c)(2).

**I. Background**

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

On September 5, 2000, Mr. Rivera pled guilty in Oklahoma state court to a charge of first degree murder. The court sentenced Mr. Rivera to life imprisonment on December 5, 2000. Mr. Rivera did not file any post-conviction action in the state district court until August 25, 2003, and filed his federal habeas petition on July 1, 2004.

The district court referred the matter to a magistrate judge consistent with the provisions of 28 U.S.C. § 636(b)(1)(B), who determined that Mr. Rivera filed the petition outside of the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d). The magistrate judge found that Mr. Rivera's one-year period to file a habeas petition began to run on December 15, 2000, the day his conviction became final, and expired on December 15, 2001 . *See* 28 U.S.C. § 2244(d)(1)(A). The magistrate judge also determined that no tolling of the limitation period was warranted.

After considering Mr. Rivera's objections and conducting a de novo review, the district court adopted the magistrate judge's Report and Recommendation in its entirety and dismissed Mr. Rivera's habeas petition as untimely. Mr. Rivera then applied to this Court for a COA.

## II. Analysis

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a prisoner whose habeas petition was denied solely on procedural grounds to show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "[B]oth showings [must] be made before the court of appeals may entertain the appeal." *Id.* at 485. If a procedural bar is "plain" and "the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* at 484.

Mr. Rivera argues that the district court erred in failing to equitably toll the period of limitation. Equitable tolling of AEDPA's limitation period is limited to "rare and exceptional circumstances" such as "when an adversary's conduct . . . prevents a prisoner from timely filing . . . ." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). The burden is on the petitioner to demonstrate the circumstances that justify equitable tolling. *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998).

Mr. Rivera first claims that the statute of limitations should be tolled because the trial court failed to advise him of his right to appeal. The magistrate judge, however, noted in his Report and Recommendation that the Oklahoma Court of Criminal Appeals "found that the petitioner had been properly advised of his right to appeal." Report and Recommendation at 13. Support for this statement is found in the transcript of Mr. Rivera's sentencing hearing. Petitioner's Br. Ex. A.2 at 4. Mr. Rivera has introduced no new evidence in his appeal to contradict the findings of the district court. Absent clear and convincing evidence otherwise, a state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). Thus, we reject this claim.

Second, Mr. Rivera claims that the statute of limitations should be tolled because he did not enter his guilty plea knowingly and intelligently due to mental deficiency. This claim is likewise without merit. "The Tenth Circuit has never held that mental incapacity tolls the statute of limitation." *Biester v. Midwest Health Serv., Inc*., 77 F.3d 1264, 1268 (10th Cir. 1996). "The few courts which have recognized an exception for mental incapacity have limited the application of this equitable doctrine to exceptional circumstances." *Id*.

 Not only is Mr. Rivera's claim for equitable tolling based on mental incapacity without legal support in this circuit, it also lacks factual support. In March 2000, Mr. Rivera's competency was evaluated by a psychologist at Eastern

State Hospital in Oklahoma who concluded that Mr. Rivera met "the common criteria associated with legal competency." Petitioner's Br. Ex. A.4. at 3. At the time of sentencing, the trial court diligently reviewed Mr. Rivera's mental health history and determined that Mr. Rivera was legally competent to enter his plea. Petitioner's Br. Ex. A.2.at 3-5, 9-10, 14. Again, Mr. Rivera has failed to introduce any evidence to overcome the presumption that a state court's factual findings are correct. 28 U.S.C. § 2254(e)(1). Rather, he has only restated his belief that he lacked capacity. Therefore, this claim must fail.

Finally, Mr. Rivera argues that the magistrate judge improperly raised the issue of limitations sua sponte. There was nothing improper in this. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. This Court has found that it is proper to raise the issue of procedural default sua sponte. *See Hardiman v. Reynolds*, 971 F.2d 500, 502 (10th Cir. 1992); *U.S. v. Allen*, 16 F.3d 377, 378-79 (10th Cir. 1994).

We therefore find no basis for granting a certificate of appealability. Reasonable jurists would agree that the district court correctly applied § 2244(d)(1)(A) when calculating the date Mr. Rivera's one-year period began to run and correctly determined that there was no basis for equitable tolling.

Because the district court properly invoked this plain procedural defect to dismiss Mr. Rivera's petition, we need not reach his constitutional claims. *See Slack*, 529 U.S. at 484–85.

Accordingly, we **DENY** Mr. Rivera's request for a COA and **DISMISS** this appeal.

Entered for the Court,

Patrick Fisher, Clerk